IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT R. SCHANZ,

        Plaintiff,                               **05cv0823**

v.                                            **Electronically Filed**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**MEMORANDUM ORDER**

On October 25, 2005, the Court entered the following order:

> The court record indicates that Plaintiff's Complaint was filed on 6/20/05 initiating the above-captioned matter. As of this date, however, no proof of service has been filed. Plaintiff is Ordered to file proof of service on or before 10/31/05 or this action will be dismissed for failure to prosecute on that date.

In response, plaintiff filed his "proof of service" on October 28, 2005 (Document No. 3), attaching certified mail receipts from the Clerk of Court of the United States District Court for the Western District of Pennsylvania, the Attorney General of the United States in Washington D.C., and the General Counsel of the Social Security Administration in Baltimore Maryland. No answer has been filed.

Although plaintiff is granted some leeway because he is acting *pro se*, nevertheless, he is still bound by the rules of service of summons and process governing the manner in which a jurisdiction is obtained over parties to a lawsuit. Plaintiff has not shown proof that service has been perfected in the manner required by the Federal Rules of Civil Procedure. Rule 4 provides, in relevant part: "(1) Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the

action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney." Fed.R.Civ.P. 4(i)(1)(A), Serving the United States, Its Agencies, Corporations, Officers, or Employees.

Although plaintiff *may* be in compliance with subsections (B) and (C) of Fed.R.Civ.P. 4(i)(1), the proofs of service he has filed do not indicate compliance with subsection (A). Rule 4(3) provides, however, that the "court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve: (A) all persons required to be served in an action governed by Rule 4(i)(2)(A), if the plaintiff has served either the United States attorney or the Attorney General of the United States, or (B) the United States in an action governed by Rule 4(i)(2)(B), if the plaintiff has served an officer or employee of the United States sued in an individual capacity." Fed.R.Civ.P. 4(i)(3)(A)(B).

Pursuant to Rule 4(i)(3), the Court will allow additional time within which to serve process under Rule 4(i) for the purpose of curing the failure to serve all persons required to be served. Accordingly, plaintiff is ordered to file proof of service on all persons required to be served, <u>in the manner required to be served</u>, on or before November 25, 2005. Failing such proof, the complaint will be dismissed thereafter without further notice.

**So Ordered, this 1st day of November, 2005**

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:
Robert R. Schanz, *pro se*
60 Pine Creek Road
Wexford, PA 15090